**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Fax (212) 216-8001
Robert A. Wolf, Esq.
Debra Bodian Bernstein, Esq.
rwolf@tarterkrinsky.com
dbernstein@tarterkrinsky.com

*Special Litigation Counsel to the*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| ADVANCED FLEET MAINTENANCE, INC., | **Chapter 7** |
| | **Case No. 13-44173 (CEC)** |
| Debtor. | |
| ROBERT L. GELTZER, as Chapter 7 Trustee of ADVANCED FLEET MAINTENANCE, INC., | **Adv. Pro. No. 15-   (CEC)** |
| Plaintiff, | **COMPLAINT** |
| v. | |
| ADVANCE FLEET MAINTENANCE LLC, AFM MAINTENANCE LTD. and FRANK ALMONA, | |
| Defendants. | |

Robert L. Geltzer, as Chapter 7 trustee (the "Trustee") of Advanced Fleet Maintenance, Inc. (the "Debtor"), by and through his Special Litigation Counsel, Tarter Krinsky & Drogin LLP, as and for his Complaint, respectfully alleges as follows against defendants Advance Fleet Maintenance LLC ("Advance Fleet"), AFM Maintenance Ltd. ("AFM") and Frank Almona ("Almona") (collectively, "Defendants"), based upon information and belief (acquired from,

among other things, (i) available internal corporate documents and records of the Debtor, (ii) the examination of Almona pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and (iii) publicly available documents):

## NATURE OF THE ACTION

1. This is an adversary proceeding brought by the Trustee to recover damages for breaches of fiduciary duties by defendant Almona, President and sole shareholder of the Debtor, and to avoid and recover the value of certain fraudulent conveyances of the Debtor's business assets made to defendants Advance Fleet and AFM, as well as for related relief.

## PROCEDURAL BACKGROUND

2. On July 8, 2013 (the "Petition Date"), a voluntary petition to commence a Chapter 7 bankruptcy proceeding (the "Petition") under Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") was filed by the Debtor in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

3. On or about July 8, 2013, the Trustee was appointed as Chapter 7 interim trustee of the Debtor's estate. He subsequently became permanent Chapter 7 Trustee pursuant to Section 702(d) of the Bankruptcy Code and by operation of law, and has been acting and continues to act as such Trustee.

## THE PARTIES

4. The Trustee is a resident of the State of New York, is a licensed attorney, and as set forth above, is the Chapter 7 Trustee of the Debtor, maintaining an office at 1556 Third Avenue, Suite 505, New York, New York 10128.

5. At all times relevant hereto, the Debtor was a New York corporation with a principal place of business located in Brooklyn, New York. The Debtor operated a business that installed and rebuilt engines in school buses.

6. At all times relevant hereto, defendant Advance Fleet was and is a New York limited liability company with a principal place of business located in Brooklyn, New York.

7. At all times relevant hereto, defendant AFM was and is a New York corporation, with a principal place of business located in Queens, New York.

8. At all times relevant hereto, defendant Almona was and is a natural person residing in Valley Stream, New York. At all times relevant hereto, Almona was the President and sole shareholder of the Debtor and, upon information and belief, was and/or is the sole shareholder of Advance Fleet and AFM.

## JURISDICTION AND VENUE

9. The United States District Court for the Eastern District of New York has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a), and the Order dated July 12, 1984 of District Court Chief Judge Weinstein of the United States District Court for the Eastern District of New York, this adversary proceeding is automatically referred to the United States Bankruptcy Court for the Eastern District of New York.

10. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (H).

11. In the event that any part of the claims contained herein is found to be "non-core," the Trustee consents to the entry of final orders and judgments by the Bankruptcy Court pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

12. The predicates for the relief sought herein are §§ 510, 544, 548 and 550 of the Bankruptcy Code, §§ 273, 274, 275, 276, 276-a and 278 of the New York Debtor and Creditor Law, and the common law of the State of New York.

13. Venue of the subject Chapter 7 case and of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

14. At all relevant times, the Debtor's liabilities exceeded its assets.

15. At all relevant times, the Debtor was unable to pay its obligations as they became due.

16. At all relevant times, the Debtor was grossly undercapitalized for the business in which it was engaged.

17. At all relevant times, each of the Defendants had knowledge of the Debtor's aforesaid insolvent financial condition.

**The Fraudulent Transfers of the Debtor's Assets**

18. At some point during the period between July 8, 2007 and December 31, 2008, Almona knowingly and intentionally caused the Debtor's assets, including without limitation, the entirety of the Debtor's business operations, its equipment, its accounts receivable and its goodwill (collectively, the "Assets") to be transferred to Advance Fleet without adequate consideration having been received by the Debtor in exchange (the "Advance Fleet Transfer").

19. Advance Fleet operated the same business as that of the Debtor, at the same location, with the same customers, with the same or substantially the same personnel as that of the Debtor, and used and benefitted from the Assets of the Debtor in said Defendant's operations.

20. In or about 2010, Almona caused the Debtor's Assets to be transferred by Advance Fleet to AFM without AFM providing any consideration therefor to the Debtor in exchange (the "AFM Transfer").

21. AFM operated the same business as that of the Debtor, with the same customers, with the same or substantially the same personnel as that of the Debtor, and used and benefitted from the Assets of the Debtor in said Defendant's operations. At the time that Almona transferred the Assets from Advance Fleet to AFM, he moved the business operations to a new location, in Woodside, New York.

22. The Advance Fleet Transfer and the AFM Transfer were made with actual intent to hinder, delay and/or defraud the Debtor's present and/or future creditors.

## COUNT ONE

## BREACH OF FIDUCIARY DUTIES
### (as against Defendant Almona)

23. The Trustee realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

24. As a director and/or officer of the Debtor, Almona owed the Debtor fiduciary duties to exercise the care, diligence and skill that a reasonably prudent person in like position would exercise under comparable circumstances, and with a view to the Debtor's best interests.

25. As a director and/or officer of the Debtor, Almona owed the Debtor fiduciary duties to, *inter alia*: administer honestly the affairs of the Debtor, act solely in the interests of the Debtor and its creditors and shareholders, safeguard and protect the property and assets of the Debtor, and neither act in his own personal interests nor in a manner as to injure deliberately creditors and shareholders of Debtor.

26. By intentionally and willfully transferring the Assets of the Debtor to Defendants Advance Fleet and AFM without adequate consideration therefor being provided by said Defendants to the Debtor, and thereby failing to protect the interests and Assets of the Debtor, Almona failed to perform the duties imposed upon him as officer and/or director of the Debtor.

27. Almona knowingly, intentionally and willfully committed the acts described in this Complaint in bad faith and/or in a reckless and/or in a grossly negligent manner, thereby violating his fiduciary duties to the Debtor.

28. During the relevant time period, the Debtor was insolvent and/or faced a liquidity crisis which eventually led the Debtor into bankruptcy.

29. As a direct and proximate result of Almona's breaches of his fiduciary duties as set forth above, the Debtor has been substantially injured, and suffered damages in an amount to be determined at trial, presently estimated to be in excess of $230,000.

30. By virtue of the foregoing, the Trustee is entitled to a judgment on behalf of the Debtor's estate against Almona in an amount to be determined at trial, presently estimated to be in excess of $230,000, together with interest thereon.

**COUNT TWO**

**AVOIDANCE AND RECOVERY OF
TRANSFERS AS A FRAUDULENT CONVEYANCE
PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A) and/or (B), and 550(a)
<u>(as against Defendant Advance Fleet)</u>**

31. The Trustee realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

32. The Advance Fleet Transfer was made by the Debtor to Advance Fleet with actual intent to hinder, delay, or defraud the Debtor's present and/or future creditors.

33. At the time the Advance Fleet Transfer was made by the Debtor to Advance Fleet, the Debtor received less than reasonably equivalent value in exchange for such transfer, and (i) was insolvent when the Advance Fleet Transfer was made or became insolvent as a result of said transfer, (ii) had unreasonably small capital for the business in which it was engaged or was about to engage, and/or (iii) intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

34. Accordingly, pursuant to 11 U.S.C. § 548(a)(1)(A) and/or (B), the Trustee may avoid the Advance Fleet Transfer.

35. Accordingly, pursuant to 11 U.S.C. § 550(a)(1), the Trustee may recover from defendant Advance Fleet, for the benefit of Debtor's estate, the value of the Advance Fleet Transfer in an amount to be determined at trial, presently estimated to be in excess of $230,000, as well as any additional avoidable amounts uncovered during discovery, together with interest thereon and reasonable attorneys' fees.

### COUNT THREE

### AVOIDANCE AND RECOVERY OF TRANSFERS AS A FRAUDULENT CONVEYANCE PURSUANT TO 11 U.S.C. §§ 544(b) AND 550(a) AND §§ 273, 274, 275, 276, 276-a AND 278 OF THE NEW YORK DEBTOR AND CREDITOR LAW
(as against Defendant Advance Fleet)

36. The Trustee realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

37. The Advance Fleet Transfer was made without fair consideration.

38. The Advance Fleet Transfer was not made in good faith or honestly, fairly, and openly.

39. The Advance Fleet Transfer was made with actual intent to defraud the Debtor's present and/or future creditors.

40. At the time the Advance Fleet Transfer was made, the Debtor (i) was insolvent or was rendered insolvent as a result of such transfer, (ii) had unreasonably small capital for the business in which it was engaged or was about to engage, and/or (iii) intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

41. Accordingly, pursuant to 11 U.S.C. § 544(b) and §§ 273, 274, 275, 276 and 278 of the New York Debtor and Creditor Law, the Trustee may avoid the Advance Fleet Transfer.

42. Accordingly, pursuant to 11 U.S.C. §§ 550(a)(1), the Trustee may recover from defendant Advance Fleet, for the benefit of Debtor's estate, the value of the Advance Fleet Transfer in an amount to be determined at trial, presently estimated to be in excess of $230,000, as well as any additional avoidable amounts uncovered during discovery, together with interest thereon and reasonable attorneys' fees.

43. Furthermore, pursuant to § 276-a of the New York Debtor and Creditor Law, upon a finding that the Advance Fleet Transfer was made with intent to defraud the Debtor's creditors, the Trustee may recover from defendants the reasonable value of attorneys' fees incurred in connection with this adversary proceeding.

## COUNT FOUR

**RECOVERY OF SUBSEQUENT TRANSFER PURSUANT TO 11 U.S.C. § 550(a)(2)**
**(as against Defendant AFM)**

44. The Trustee realleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

45. By way of the AFM Transfer, Advance Fleet transferred to AFM the Assets that Advance Fleet had received from the Debtor.

46. Accordingly, defendant AFM was a subsequent transferee of the Advance Fleet Transfer.

47. AFM did not take the AFM Transfer in good faith. AFM did not pay any consideration for the AFM Transfer, was aware of the prior fraudulent Advance Fleet Transfer involving the Assets of the Debtor, and was aware that the Advance Fleet Transfer was not made in good faith.

48. Accordingly, to the extent that the Advance Fleet Transfer is avoided by the Trustee, as requested pursuant to this Complaint, then the Trustee may set aside the AFM Transfer and, pursuant to 11 U.S.C. § 550(a)(2), the Trustee may recover from defendant AFM, for the benefit of the Debtor's estate, the value of the AFM Transfer in an amount to be determined at trial, presently estimated to be in excess of $230,000, together with interest thereon and reasonable attorneys' fees.

**WHEREFORE**, the Trustee as Plaintiff respectfully requests that this Court grant judgment for the Trustee on behalf of the Debtor's estate as follows:

(a) On the First Count, judgment on behalf of the Debtor's estate against defendant Almona in an amount to be determined at trial, presently estimated to be in excess of $230,000;

(b) On the Second Count, a determination that the Advance Fleet Transfer constituted a fraudulent transfer subject to avoidance under Section 548(a)(1)(A) and/or (B) of the Bankruptcy Code, and judgment pursuant to Section 550(a)(1) of the Bankruptcy Code for the recovery of such transfer from defendant Advance Fleet, for the benefit of Debtor's estate, in an amount to be determined at trial, presently estimated to be in excess of $230,000, as well as any additional avoidable amounts uncovered during discovery, together with interest thereon and reasonable attorneys' fees;

(c) On the Third Count, a determination that the Advance Fleet Transfer constituted a fraudulent transfer subject to avoidance under Section 544(b) of the Bankruptcy Code and

Sections 273, 274, 275, 276 and 278 of the New York Debtor and Creditor Law, and judgment pursuant to Section 550(a)(1) of the Bankruptcy Code for the recovery of such transfer from defendant Advance Fleet, for the benefit of Debtor's estate, in an amount to be determined at trial, presently estimated to be in excess of $230,000, as well as any additional avoidable amounts uncovered during discovery, together with interest thereon and reasonable attorneys' fees;

(d) On the Fourth Count, a determination that the Trustee is entitled to an Order setting aside the AFM Transfer, and judgment pursuant to Section 550(a)(2) of the Bankruptcy Code for the recovery of such transfer from defendant AFM, for the benefit of the Debtor's estate, in an amount to be determined at trial, presently estimated to be in excess of $230,000, together with interest thereon and reasonable attorneys' fees;

(e) Awarding reasonable attorneys' fees and costs; and

(f) For such other and further relief as this Court deems just and equitable.

Dated: New York, New York
July 7, 2015

**TARTER KRINSKY & DROGIN LLP**
*Special Litigation Counsel to the Chapter 7 Trustee*

By: */s/ Robert A. Wolf*
Robert A. Wolf, Esq.
Debra Bodian Bernstein, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
rwolf@tarterkrinsky.com
dbernstein@tarterkrinsky.com