**HEARING DATE:  November 17, 2015 at 11:45am**

**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Fax (212) 216-8001
Robert A. Wolf, Esq.
Debra Bodian Bernstein, Esq.
rwolf@tarterkrinsky.com
dbernstein@tarterkrinsky.com

*Special Litigation Counsel to the*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x
In re:                                                                  :
                                                                        :   **Chapter 7**
ADVANCED FLEET MAINTENANCE, INC.,                                       :
                                                                        :   **Case No. 13-44173 (CEC)**
                                                                        :
                                          Debtor.                       :
------------------------------------------------------------------------ x
ROBERT L. GELTZER, as Chapter 7 Trustee of                              :
ADVANCED FLEET MAINTENANCE, INC.,                                       :
                                                                        :
                                          Plaintiff,                    :   **Adv. Pro. No. 15-01083 (CEC)**
                                                                        :
            v.                                                          :
                                                                        :
ADVANCE FLEET MAINTENANCE LLC, AFM                                      :
MAINTENANCE LTD. and FRANK ALMONA,                                      :
                                                                        :
                                          Defendants.                   :
------------------------------------------------------------------------ x

### AFFIRMATION OF PLAINTIFF-CHAPTER 7 TRUSTEE
### IN SUPPORT OF PLAINTIFF'S MOTION FOR
### <u>ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS</u>

ROBERT L. GELTZER, an attorney duly admitted to practice law in this Court, affirms

the following to be true under the penalties of perjury:

1. I am the chapter 7 trustee (the "Trustee" or "Plaintiff") of the debtor Advanced

Fleet Maintenance, Inc. (the "Debtor") in the above-captioned bankruptcy case, and as Trustee,

{Client/008460/BANK916/01021853.DOC;3 }

the Plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"). I am fully familiar with the matters set forth herein.

2.    I submit this affirmation in further support of Plaintiff's motion for entry of a default judgment as against defendants Advance Fleet Maintenance, LLC ("Advance LLC"), AFM Maintenance Ltd. ("AFM"), and Frank Almona ("Almona") (collectively, the "Defendants").

3.    As alleged in the Complaint (Exhibit A to the September 25, 2015 Affirmation of Robert A. Wolf, Esq., submitted in support of Plaintiff's motion for a default judgment), Plaintiff is suing the Defendants to recover damages for breaches of fiduciary duties by defendant Almona, President and sole shareholder of the Debtor, and to avoid and recover the value of certain fraudulent conveyances of the Debtor's business assets made to defendants Advance LLC and AFM.

4.    On September 3, 2014, I examined Almona, on behalf of the Debtor, at my offices pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "2004 Examination"). Mr. Almona was duly sworn and testified under oath. The Debtor also provided documents in connection with the 2004 Examination. A copy of the transcript of the audiotaped 2004 Examination (the "Transcript" or "Tr."), for which I arranged, is attached hereto as Exhibit A.

5.    True and complete copies of the following documents produced by the Debtor in connection with the 2004 Examination are attached hereto as follows:

Exhibit B:    Cover pages of tax returns for the Debtor, Advance LLC and AFM, from 2003 through 2013;

Exhibit C:    Letters from "A.F.M. Maintenance, Ltd." to Atlantic Detroit Diesel Allison, dated March 8, 2011 and March 10, 2011;

Exhibit D:    Letter from "A.F.M. Maintenance, Ltd." to "Fleet Supervisor," dated July 20, 2011;

    Exhibit E:    "Request for Statement of Account for all Open Items," from Con Edison to "Advanced Fleet Maintenance," dated July 28, 2011, with handwritten notations thereon;

    Exhibit F:    AFM Maintenance Ltd. Financial Statements for the Year Ended December 31, 2010;

    Exhibit G:    Excerpt from June 14, 2013 deposition of Frank Almona in an action entitled *Michael Ricatto v. Frank Almona, Thomas Almona and Advanced Fleet Maintenance, Inc.*, New York State Supreme Court, Kings County, Index No. 15799/11;

    Exhibit H:    NYS Department of State, Division of Corporations, Entity Information for Advance Fleet Maintenance LLC and AFM Maintenance Ltd.

    6.    It is clear from Almona's testimony and from the documents produced by the Debtor that Almona knowingly and intentionally caused the Debtor's assets to be transferred without consideration to Advance LLC, and subsequently caused the Debtor's assets to be transferred without consideration by Advance LLC to AFM.  Advance LLC and, in turn, AFM, operated the same business as that of the Debtor, with the same customers, with the same or substantially the same personnel as that of the Debtor, and used and benefitted from the Debtor's assets in its operations.

    7.    Almona's testimony at the 2004 Examination and the documents produced by the Debtor include the following admissions and information:

● Almona was the President and sole shareholder of the Debtor, which was formed in approximately 1997 (Ex. A, Tr., p. 1).

● At some point in or prior to 2003, the Debtor's business was relocated to 75 Frost Street, Brooklyn (See cover page of 2003 tax return, Ex. B).

● Almona moved "3 or 4 times" for "business purposes," and testified that in the "new place . . . we started . . . started over again" (Tr., pp. 6-7).

● Almona admitted that he transferred the Debtor's business and assets to Advance LLC (Tr., pp. 30-31), which was operating at 75 Frost Street in Brooklyn until February 2010 (Tr., pp. 12-14, 32).

● In 2010, Almona began doing business as AFM (Tr., p. 32-33), his current company, of which he is the President and sole shareholder (Tr., p. 15; Ex. B (2010 S Corporation income tax return)). AFM "bought … the DBA" with respect to Advance LLC (Tr., pp. 50, 55).

● Almona admitted that most of the employees remained the same from company to company (Tr., pp. 40-43, 45-47, 61; Ex. C).

● In 2010 or 2011, Almona moved the business from 75 Frost Street in Brooklyn to 51-31 59th Place in Woodside, Queens, where AFM is currently located (Tr., pp. 15, 54-55; Ex. B). In a March 8, 2011 letter to a customer on AFM letterhead, Almona notified the customer that "Advanced Fleet Maintenance d/b/a A.F.M. Maintenance, Ltd." has "packed up the 75 Frost Street, Brooklyn location and moved to a bigger, better and more convenient location" in Woodside, and stated in the letter: "A.F.M. Maintenance, Ltd.; **same great service, same great people**, new great location." (Ex. C) (emphasis added). In a March 11, 2011 letter to the same customer, Almona refers to the "change of name from Advance Fleet Maintenance d/b/a A.F.M. Maintenance, Ltd." based on legal and financial advice. (Ex. C). Moreover, in a July 2011 letter to a potential customer, AFM stated that the company is "A.F.M. Maintenance, Ltd. formerly Advanced Fleet Maintenance, and we have moved to our new location in Woodside. We have over 30 years experience . . ." (Ex. D). In the contact information section of correspondence dated July 28, 2011 from Con Edison to "Advanced Fleet Maintenance," it was stated in handwriting: "We are now AFM/Advanced Fleet Maintenance – new address 51-31 59th Pl, Woodside, NY." (Ex. E).

- Almona admitted that the documents reflect that AFM received "paid in capital" of $230,000 in 2010, and that AFM never paid any monies to Advance LLC for the transfer of assets (Tr., pp. 33, 36, 60-61; Ex. F).

8.     In addition, Almona admitted at his June 14, 2013 deposition in an action entitled *Michael Ricatto v. Frank Almona, Thomas Almona and Advanced Fleet Maintenance, Inc.*, New York State Supreme Court, Kings County, Index No. 15799/11, that Debtor's/Advance LLC's assets were transferred to AFM (see Ex. G, p. 15-16).

9.     In light of the foregoing testimony and documentary evidence, it is clear that judgment should be entered against the defendants, all of whom are in default in connection with this Adversary Proceeding, based on Almona's breach of fiduciary duties and defendants' fraudulent conveyances.

10.    It is submitted that the amount of the judgment should be $230,000, which is the amount of additional paid in capital that was transferred from Almona's prior companies to AFM when that company was created in 2010. (See Exhibit F hereto; p. 4 under "Shareholders' Equity"). As testified to by Almona, AFM never paid any monies to Advance LLC for the transfer of assets, and Advance LLC never paid any monies to the Debtor for the transfer of assets (Tr., pp. 33, 36, 60-61)

**WHEREFORE**, it is respectfully requested that, in connection with the Trustee's Motion, the Court should enter a judgment of default in this Adversary Proceeding in favor of the Trustee and against each of the Defendants jointly and severally in the amount of $230,000, together with interest thereon (in the form attached hereto as Exhibit H), and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 12, 2015

                                                       s/ Robert L. Geltzer
                                                      ROBERT L. GELTZER