HEARING DATE:  January 24, 2017 at 11:45 a.m.
OBJECTION DATE:  January 17, 2017 at 5:00 p.m.

**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Fax (212) 216-8001
Robert A. Wolf, Esq.
Debra Bodian Bernstein, Esq.
rwolf@tarterkrinsky.com
dbernstein@tarterkrinsky.com

*Special Litigation Counsel to the*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- x
In re:                                                           :
                                                                 :     **Chapter 7**
ADVANCED FLEET MAINTENANCE, INC.,                                :
                                                                 :     **Case No. 13-44173 (CEC)**
                                                                 :
                          Debtor.                                :
--------------------------------------------------------------- x
ROBERT L. GELTZER, as Chapter 7 Trustee of                       :
ADVANCED FLEET MAINTENANCE, INC.,                                :
                                                                 :
                          Plaintiff,                             :     **Adv. Pro. No. 15-01083 (CEC)**
                                                                 :
          v.                                                     :
                                                                 :
ADVANCE FLEET MAINTENANCE LLC, AFM                               :
MAINTENANCE LTD. and FRANK ALMONA,                               :
                                                                 :
                          Defendants.                            :
--------------------------------------------------------------- x

### NOTICE OF MOTION FOR WRIT OF
### EXECUTION AND FOR TURNOVER ORDER

**PLEASE TAKE NOTICE** that upon the annexed Affirmation of Robert A. Wolf, Esq.,

dated December 20, 2016, together with the exhibits annexed thereto, and the accompanying

Memorandum of Law, Robert L. Geltzer, as chapter 7 trustee (the "**Trustee**" or "**Plaintiff**"), of

the Debtor in the above-captioned case, and as Trustee, the Plaintiff in the above-captioned adversary proceeding, will move before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of New York, 271-C Cadman Plaza East, Courtroom 3529, Brooklyn, New York 11201, on **January 24, 2017 at 11:45 a.m.** for an order pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, which is made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7069, and pursuant to Sections 5225(b) and 5230 of the New York Civil Practice Law and Rules and Section 3212(d)(2) of the New York Insurance Law, for the issuance of a writ of execution and an order directing non-party American General Life Insurance Company to turn over funds in its possession belonging to defendant/judgment debtor Frank Almona, to partially satisfy the judgment obtained by Plaintiff against the defendants, including Frank Almona, in the above-captioned adversary proceeding, and for such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to Plaintiff's motion shall be set forth in a writing describing the basis therefor, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York, and shall be (i) filed with the Court electronically in accordance with the Court's General Order concerning revised electronic filing procedures, signed by Chief Judge Conrad B. Duberstein on December 26, 2002 (the "General Order")[1] by registered users of the Court's Electronic Case Filing system, and by all other parties in interest on 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), and served in accordance with the General Order or by first-class mail, and (ii) served upon Special Litigation Counsel to Robert L. Geltzer, as Chapter 7 Trustee, Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th

---

[1] The General Order and instructions regarding the Electronic Case Filing system can be found at www.nyeb.uscourts.gov, the official website for the United States Bankruptcy Court for the Eastern District of New York.

Floor, New York, New York 10018 (Attn: Robert A. Wolf, Esq.) so that the same is received no later than **January 17, 2017 at 5:00 p.m.**

      **PLEASE TAKE FURTHER NOTICE** that any party objecting to the relief requested by Plaintiff's motion must appear at the **Hearing on January 24, 2017 at 11:45 a.m**. The Hearing may be adjourned, from time to time, by announcement in open Court without any further or other notice thereof.

Dated:   New York, New York
        December 20, 2016

      **TARTER KRINSKY & DROGIN LLP**
      *Special Litigation Counsel to the Chapter 7 Trustee*

      By:_____/s/ Robert A. Wolf_____
          Robert A. Wolf, Esq.
          Debra Bodian Bernstein, Esq.
          1350 Broadway, 11th Floor
          New York, New York 10018
          (212) 216-8000
          rwolf@tarterkrinsky.com
          dbernstein@tarterkrinsky.com

TO:    American General Life Insurance Company
       c/o AIG Consumer Insurance
       2919 Allen Parkway
       Suite L4-01
       Houston, TX 77019
       Attn: Litigation Department

       AFM Maintenance Ltd.
       51-31 59th Place
       Woodside, NY 11377

       Advance Fleet Maintenance LLC
       c/o AFM Maintenance Ltd.
       51-31 59th Place
       Woodside, NY 11377

       Frank Almona
       98 S. Franklin Ave., #35F
       Valley Stream, NY 11580-6120

Dennis Houdek, Esq.
*Attorney for Debtor*
305 Broadway
14th Floor
New York, NY 10007
(212) 822-1470
denniswhoudek@aol.com

Andrew B. Schultz, Esq.
*Co-counsel for Judgment Debtors*
One Rutland Road
Great Neck, NY 11020

Arthur Trakas, Esq.
*Co-counsel for Judgment Debtors*
Office of A.G. Trakas P.C.
31-19 Newtown Avenue
Suite 500
Astoria, NY 11102

HEARING DATE: January 24, 2017 at 11:45 a.m.

**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Fax (212) 216-8001
Robert A. Wolf, Esq.
Debra Bodian Bernstein, Esq.
rwolf@tarterkrinsky.com
dbernstein@tarterkrinsky.com

*Special Litigation Counsel to the*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | |
| | : | **Chapter 7** |
| ADVANCED FLEET MAINTENANCE, INC., | : | |
| | : | **Case No. 13-44173 (CEC)** |
| | : | |
| Debtor. | : | |

------------------------------------------------------------ x

| | | |
|---|---|---|
| ROBERT L. GELTZER, as Chapter 7 Trustee of | : | |
| ADVANCED FLEET MAINTENANCE, INC., | : | |
| | : | |
| Plaintiff, | : | **Adv. Pro. No. 15-01083 (CEC)** |
| | : | |
| v. | : | |
| | : | |
| ADVANCE FLEET MAINTENANCE LLC, AFM | : | |
| MAINTENANCE LTD. and FRANK ALMONA, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------ x

### AFFIRMATION OF ROBERT A. WOLF IN SUPPORT OF PLAINTIFF'S
### MOTION FOR WRIT OF EXECUTION AND TURNOVER ORDER

ROBERT A. WOLF, an attorney duly admitted to practice law in this Court, affirms the

following to be true under the penalties of perjury:

1.    I am a member of the law firm Tarter Krinsky & Drogin LLP, special litigation

counsel to Robert L. Geltzer, as chapter 7 trustee (the "**Trustee**" or "**Plaintiff**") of the debtor

Advanced Fleet Maintenance, Inc. (the "**Debtor**") in the above-captioned bankruptcy case, and as Trustee, the Plaintiff in the above-captioned adversary proceeding (the "**Adversary Proceeding**"), in which a judgment (the "**Judgment**") was docketed in favor of Plaintiff and against Defendants Advance Fleet Maintenance, LLC ("**Advance Fleet**"), AFM Maintenance Ltd. ("**AFM**") and Frank Almona ("**Almona**") (collectively, "**Defendants**" or "**Judgment Debtors**") in the amount of $230,000.00 on December 9, 2015. As one of the principal attorneys at my firm who prosecuted the Adversary Proceeding on behalf of the Trustee, I am fully familiar with the matters set forth herein.

2.      I submit this affirmation in support of Plaintiff's motion (the "**Motion**"), pursuant to Federal Rule of Civil Procedure 69(a), which is made applicable to this Adversary Proceeding pursuant to Federal Rule of Bankruptcy Procedure 7069, and pursuant to Sections 5225(b) and 5230 of the New York Civil Practice Law and Rules and Section 3212(d)(2) of the New York Insurance Law, for the issuance of a writ of execution and an order directing non-party American General Life Insurance Company ("**AGL**") (an AIG entity, and successor-in-interest to the United States Life Insurance Company) to turn over funds in its possession belonging to defendant/judgment debtor Almona, to satisfy partially the Judgment. The Motion is being made by reason of the Judgment Debtors' failure to satisfy the full amount of the outstanding Judgment.

## BACKGROUND

### Plaintiff's Complaint

3.      On July 7, 2015, Plaintiff filed his Complaint which commenced the Adversary Proceeding. As alleged in the Complaint, Plaintiff sued the Defendants to recover damages for breaches of fiduciary duties by defendant Almona, President and sole shareholder of the Debtor, and to avoid and recover the value of certain fraudulent conveyances of the Debtor's business assets made to defendants Advance Fleet and AFM.

4.      As alleged in the Complaint, Almona knowingly and intentionally caused the Debtor's assets to be transferred without consideration to Advance Fleet, and subsequently caused the Debtor's assets to be transferred without consideration by Advance Fleet to AFM. Advance Fleet and, in turn, AFM, operated the same business as that of the Debtor, with the same customers, with the same or substantially the same personnel as that of the Debtor, and used and benefitted from the Debtor's assets in its operations.

### Defendants' Default and the Resulting Judgment and Enforcement Efforts

5.      Defendants defaulted in responding to the Complaint and, upon motion by Plaintiff and a hearing held by the Court, the Court entered an Order on December 9, 2015 (Dkt. 11) granting Plaintiff's motion for entry of a default against each of the Defendants and directing the Clerk of the Court to enter judgment in favor of Plaintiff and against Defendants, jointly and severally, in the sum of $230,000.00. The Judgment was entered on December 9, 2015 (Dkt. 12) (**Exhibit "A"** hereto).

6.      Plaintiff has been attempting to enforce the Judgment for the past year by, *inter alia*, having the marshal's office serve an execution upon Judgment Debtors, serving restraining notices and subpoenas upon Judgment Debtors and third parties, and deposing Almona.

7.      To date, Plaintiff has been successful in obtaining funds of the Judgment Debtors that were in a bank account of Judgment Debtor AFM Maintenance Ltd., totaling $24,024.31 (after fees to the marshal). Thus, there remains a balance of $205,975.69 due and owing to Plaintiff, together with interest.[1]

### The AGL Annuity Account

8.      In response to a subpoena served by Plaintiff, Judgment Debtor Almona advised, through his attorney, that, *inter alia*, he had funds in an annuity (the **"Annuity"** or **"Annuity**

---

[1]  The marshal's office filed a Return of Execution on October 24, 2016, reflecting that of the $24,024.31 received from the bank account, $13,230.41 was applied to principal and $10,793.90 applied to interest. (Dkt. 15).

Account") with the United States Life Insurance Company in the City of New York ("**U.S. Life**"), which Annuity was purchased with Almona's personal deposit of $100,000 in 2001.

9.    On September 14, 2016, Plaintiff served an Information Subpoena with Restraining Notice upon U.S. Life regarding the Annuity. (**Exhibit "B"** hereto).

10.    In response to the Information Subpoena, AGL, which now holds the Annuity Account, confirmed that it has an annuity contract with Almona and provided statements reflecting that as of the last annual statement on August 17, 2016, the cash surrender value was $181,784.47, and that there have been no withdrawals on the account. (A copy of AGL's response to the Information Subpoena is attached hereto as **Exhibit "C"**). AGL also confirmed to counsel for Plaintiff that it is restraining the Annuity Account pursuant to the Restraining Notice served by Plaintiff.

**PLAINTIFF IS ENTITLED TO A WRIT OF EXECUTION
AND A TURNOVER ORDER DIRECTING AGL TO RELEASE
FUNDS FROM ALMONA'S ANNUITY ACCOUNT TO PLAINTIFF**

11.    As set forth in detail in the accompanying Memorandum of Law, this Court has jurisdiction over Plaintiff's motion, and Plaintiff is entitled to funds in Almona's Annuity Account in order to satisfy partially the outstanding Judgment, pursuant to New York Insurance Law § 3212(d)(2), which provides that a court may order an annuitant "to pay to a judgment creditor or apply on the judgment in installments, a portion of [t]he benefits [under an annuity contract] that appears just and proper to the court, with due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him, as well as any payments required to be made by the annuitant to other creditors under prior court orders." We are not aware of any such prior court orders.

12.    Due to the large amount of the outstanding Judgment, Defendant Almona's improper acts that resulted in the Judgment, and Almona's failure to make any voluntary payment towards the outstanding Judgment in the past year since the Judgment was entered, it

would be just and proper for the Court to order that funds in the Annuity should be turned over to Plaintiff in partial satisfaction of the Judgment.

13.     No prior application has been made for the relief requested herein.

**WHEREFORE**, it is respectfully requested that the Court issue a writ of execution and direct AGL to turn over to Plaintiff a specified portion of the funds in the Annuity Account, and grant such other and further relief in favor of Plaintiff as this Court deems just and proper.

Dated: New York, New York
        December 20, 2016

                            _____s/ Robert A. Wolf_____
                                    ROBERT A. WOLF

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

In re:                                                    :

ADVANCED FLEET MAINTENANCE, INC.,    :

                                                         :

                                  Debtor.    :

------------------------------------------------------------------ x

ROBERT L. GELTZER, as Chapter 7 Trustee of    :
ADVANCED FLEET MAINTENANCE, INC.,    :

                                                         :

                                  Plaintiff,    :

                                                         :

            v.                                          :

ADVANCE FLEET MAINTENANCE LLC, AFM    :
MAINTENANCE LTD. and FRANK ALMONA,    :

                                                         :

                                  Defendants.    :

------------------------------------------------------------------ x

**Chapter 7**

**Case No. 13-44173 (CEC)**

**Adv. Pro. No. 15-01083 (CEC)**

## <u>JUDGMENT BY DEFAULT AGAINST DEFENDANTS</u>

Upon the Order of Hon. Carla E. Craig dated December 8, 2015, granting the motion of

Robert L. Geltzer, as the Chapter 7 Trustee (the "Trustee") of the Debtor, Advanced Fleet

Maintenance, Inc., for an Order granting entry of judgment by default against each of the

defendants in the above-captioned adversary proceeding, and directing the Clerk of the Court to

enter judgment against the Defendants; it is hereby

**ADJUDGED AND DECREED** that judgment be entered in favor of the Trustee and

against Defendants Advance Fleet Maintenance LLC, AFM Maintenance Ltd. and Frank Almona,

jointly and severally, in the sum of two hundred thirty thousand dollars ($230,000), with interest

to accrue thereon from the date of entry of this Default Judgment at the rate prescribed under 28

U.S.C. § 1961; and it is further

{Client/008460/BANK916/01030893.DOC;1 }

**ADJUDGED AND DECREED** that the Trustee has all of the rights and remedies afforded to a judgment creditor by law; and it is further

**ADJUDGED AND DECREED** that the Trustee may enforce this judgment against defendants Advance Fleet Maintenance LLC, AFM Maintenance Ltd. and Frank Almona, as allowable by applicable law.



Dated: Brooklyn, New York
      December 8, 2015

Carla E. Craig
**United States Bankruptcy Judge**

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

In re:                                                                  :       Case No. 13-44173 (CEC)

ADVANCED FLEET MAINTENANCE, INC.             :
                                                                         :       Adv. Pro. No. 15-01083
                                    Debtor.                       :

-------------------------------------------------------------- :

ROBERT L. GELTZER, as Chapter 7 Trustee of ADVANCED  :
FLEET MAINTENANCE, INC.,                                :       **INFORMATION SUBPOENA**
                                                                         :       **WITH RESTRAINING NOTICE**
                                    Plaintiff,                    :
                                                                         :       **Re: Frank Almona, Judgment Debt**
v.                                                                       ::        **98 South Franklin Avenue**
                                                                         :            **#35F**
ADVANCE FLEET MAINTENANCE LLC, AFM          :            **Valley Stream, NY 11580**
MAINTENANCE LTD. and FRANK ALMONA,          :
                                                                         :
                                    Defendants.                :

-------------------------------------------------------------- x

### The People of the State of New York

TO:        **The United States Life Insurance Company**
               **in the City of New York**

GREETINGS:

    **WHEREAS,** in an adversary proceeding in the United States Bankruptcy Court, Eastern District of New York, between Robert L. Geltzer as Trustee of Advanced Fleet Maintenance, Inc., as plaintiff, and Advance Fleet Maintenance, LLC, AFM Maintenance Ltd., and Frank Almona as defendants, who are all the parties named in said adversary proceeding, a judgment was docketed on December 9, 2015 and an abstract of judgment was entered with the County Clerk, Queens County, New York on February 11, 2016 in favor of Robert L. Geltzer as Trustee and against Advance Fleet Maintenance LLC, AFM Maintenance Ltd. And Frank Almon in the amount of $230,000.00, of which $205,975.69 together with interest thereon from December 9, 2015 remains due and owing; and

    **WHEREAS,** the witness resides; is regularly employed; has an office for the regular transaction of business in person; in New York County;

**NOW, THEREFORE WE COMMAND YOU,** that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying the subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original of the questions within 7 days after your receipt of the questions and this subpoena.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

**I HEREBY CERTIFY that this information subpoena complies with Rule 5224 of the Civil Practice Law and Rules and Section 601 of the General Business Law and I have a reasonable belief that the party receiving this subpoena has in their possession information about the debtor that will assist the creditor in collecting the judgment.**

## RESTRAINING NOTICE

**WHEREAS,** it appears that you owe a debt to the judgment debtor or are in possession of property in which the judgment debtor has an interest, **including, but not limited to an Annuity, Policy No.** REDACTED

**TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided.

**TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

## CIVIL PRACTICE LAW AND RULES

Section 5222 (b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the

2

sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**PLEASE TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court.

Dated: New York, New York
September 13, 2016

> **TARTER KRINSKY & DROGIN LLP**
> *Attorneys for Judgment Creditor, Robert L. Geltzer*
> *as Chapter 7 Trustee of Advanced Fleet Maintenance, Inc.*
>
> By: _____
> Debra Bodian Bernstein
> 1350 Broadway
> New York, New York 10018
> 212-216-8000

3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

In re:

ADVANCED FLEET MAINTENANCE, INC.

                                Debtor.

--------------------------------------------------------------------

ROBERT L. GELTZER, as Chapter 7 Trustee of ADVANCED
FLEET MAINTENANCE, INC.,

                                Plaintiff,

v.

ADVANCE FLEET MAINTENANCE LLC, AFM
MAINTENANCE LTD. and FRANK ALMONA,

                                Defendants.

-------------------------------------------------------------------- x

**QUESTIONS AND ANSWERS IN
CONNECTION WITH
INFORMATION SUBPOENA**

Case No. 13-44173 (CEC)

Adv. Pro. No. 15-01083

**Re: Frank Almona, Judgment Debtor
98 South Franklin Avenue
#35F
Valley Stream, NY 11580**

**TO:**   The United States Life Insurance Company in the City of New York

STATE OF NEW YORK, COUNTY OF _____)   ss:

_____, by _____, being duly sworn, deposes and says:

      I am _____ of _____, the recipient of the Information Subpoena and of the original and a copy of the questions accompanying said subpoena.  The answers set forth are made from information obtained from records of the recipient.

1. What type of life annuity is the Judgment Debtor's annuity with the United States Life Insurance Company in the City of New York ("US Life"), Policy No. REDACTED     ?
   A.

2. In connection with the aforementioned policy, what is the total value of the account?
   A.

3. What is the current cash surrender value for the above referenced annuity account?
   A.

4. What is the current effective interest rate on the annuity, Policy No. REDACTED     ?
   A.

5. Please set forth the amounts and dates of any and all withdrawals (or other liquidity features utilized) from this account within the past 60 months.

{Client/008460/BANK916/01187169.DOC;1 }

A.

6. If there have been any withdrawals in the past 60 months, please indicate any surrender fees that were charged in connection with each respective withdrawal.
A.

7. Indicate the current surrender fee charge associated with the account, if any.
A.

8. Does the Judgment Debtor, individually or jointly, have any other annuity accounts or policies with US Life?  If so, please provide any and all account/policy numbers, along with the name(s), addresses and telephone numbers of any Joint Owners and the precise name in which the account is held.
A. <u>Account Name</u>   <u>Date Opened</u>   <u>Amount on Deposit</u>   <u>Joint Owners</u>   <u>Date Closed</u> (if applicable)

Sworn to before me this _____
Day of _____, 2016.

_____
Signature – print or type name beneath

_____
Notary Public

TO:   **TARTER KRINSKY & DROGIN LLP**
      *Attorneys for Judgment Creditor, Robert L. Geltzer, Esq.*
      *as Chapter 7 Trustee of Advanced Fleet Maintenance, Inc.*
      *Attn:* Debra Bodian Bernstein, Esq.
      1350 Broadway
      New York, New York 10018
      212-216-8000

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         )  ss.:
COUNTY OF NEW YORK       )

Phaedra Hernandez, being duly sworn, deposes and says:

I am over the age of 18, I am not a party to this action, and I reside in the State of New Jersey, County of Monmouth.

On September 14, 2016, I served the within **Information Subpoena with Restraining Notice and Questions in Connection with Information Subpoena (2 copies)** via certified mail, return receipt requested, by depositing a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of United States Postal Service to the following person at the last known address set forth below:

> United States Life Insurance Company
> In the City of New York
> One World Financial Center
> 200 Liberty Street
> New York, NY 10281
> Attn: Legal Department

Phaedra Hernandez

Sworn to before me on this
14th day of September, 2016

Notary Public

ANDREW N. KRINSKY
Notary Public, State of New York
No. 02KR4727902
Qualified in New York County
Commission Expires 01/31/20 __

**EXHIBIT C**



AIG Consumer Insurance
2919 Allen Parkway
Suite L4-01
Houston, Texas 77019
www.aig.com

Lucy Netherton
SENIOR PARALEGAL
Litigation
T + 1 713 342 1746
Lucy.netherton@aig.com

October 12, 2016

**VIA REGULAR MAIL**
Ms. Debra Bodian Bernstein
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018

RE:    Case No. 13-44173 (CEC); Adv. Pr. No. 15-01083; Re: Frank
       Almona, Judgment Debtor; in the US Bankruptcy Court, Eastern
       District of New York

Dear Ms. Bernstein:

Our office has received a copy of the request for information in the
above-referenced matter directed to the United States Life Insurance
Company. Our counsel has stated that we may comply with your request
as received by our New York office. A search of our records/databases
has been completed and documents responsive to your request for
information are enclosed. There have been no withdrawals on the
account and there is currently no surrender fee charge.

Very truly yours,

Lucy Netherton

PRIVILEGED LEGAL DOCUMENT
This is a confidential document protected by the attorney-client or work-product privilege.
============================
To ensure compliance with requirements imposed by U.S. Treasury Regulations, we inform you that any tax
advice contained in this communication (including any attachments) was not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any transaction or matter addressed herein.



American International Life Assurance
Company of New York
**ONE ALICO PLAZA**
**P.O. Box 667**
**Wilmington, DE 19899**
**302-594-2000**

September 19, 2001

FRANK ALMONA
98-35 S FRANKLIN AVE
VALLEY STREAM, NY 11580          DEPT AU

REDACTED

Dear Mr. ALMONA:

We at the American International Life Assurance Company of New York
thank you for selecting our Single Premium Deferred Annuity to enhance
your long-term financial security. This annuity provides you with
the benefits of tax-deferred growth along with the safety of principal
and fixed rate of return you deserve.

There are several important features associated with your Annuity:
- A guaranteed effective interest rate of 5.20% from
  August 17, 2001 to August 16, 2006.
- A premium bonus of 1% of your initial premium amount
  of $100,000.00 which has already been credited to your
  contract value. This premium bonus gives you a first
  year effective yield of 6.25%.
- Tax deferred growth of your interest earnings allows
  your money to work harder for you.

We have enclosed a copy of your annuity contract for your records.
You will receive an annuity statement at the end of each calendar year
and on your contract anniversary. As you review your statement, please
remember that your bonus only applies to your initial premium during
your first contract year.

If you have any questions, please call the AIG Life Companies (U.S.)
by telephone Monday through Friday, 8:00 a.m. to 8:00 p.m. Eastern
Time, at 1-800-233-2947, by email at annuity.pos@AIG.com, or access
our website at www.aiglifeus.com.

We look forward to helping you achieve your long-term financial goals.

Sincerely,

ANNUITY ADMINISTRATION

NOTE: For your convenience, an Annuity Service Request form has been
enclosed for future changes to your annuity.

**American International Life Assurance Company of New York**
Annuity Administration
P.O. Box 8970
Wilmington, DE 19899

---

## AMENDMENT

Policy # REDACTED

| | | | |
|---|---|---|---|
| Policyowner | FRANK ALMONA | Annuitant | FRANK ALMONA |
| Joint Owner | | Joint Annuitant | |

98-35 S FRANKLIN AVE
VALLEY STREAM, NY 11580

The above captioned Annuity Application has been amended to read as follows:

**The 'Interest Rate' should be 5.20%.**

Please acknowledge receipt of this application by signing and returning the enclosed copy of this Amendment.

For: American International Life Assurance Company of New York

_____          SEPTEMBER 19, 2001
**ASSISTANT VICE PRESIDENT**                 **DATE**


_____
**POLICYOWNER SIGNATURE**

(14)
cc:   ESSEX CORPORATION
      825 THIRD AVE-37TH FL
      NEW YORK NY 10022
      Agent: (#000A200339)



American International Life Assurance
Company of New York
80 Pine Street
New York, New York 10005
A capital stock company

| CONTRACT DATE | CONTRACT NUMBER: |
|---|---|
| 8/17/2011 | REDACTED |

### SINGLE PREMIUM DEFERRED ANNUITY
### APPLICATION AND CONTRACT SCHEDULE

The undersigned, hereby applies for the Single Premium Deferred Annuity Contract referred to above in accordance with the information set forth below.

**INITIAL DECLARED EFFECTIVE INTEREST RATE:** 5.%

## OWNER(S)

| LAST | FIRST | MIDDLE | | JT. OWNER LAST | FIRST | MIDDLE | |
|---|---|---|---|---|---|---|---|
| ALMONA | FRANK | | ☒ MALE ☐ FEMALE | | | | ☐ MALE ☐ FEMALE |

| SOCIAL SECURITY NUMBER | BIRTHDAY | SOCIAL SECURITY NUMBER | BIRTHDAY |
|---|---|---|---|
| REDACTED | | REDACTED | / / |

| TELEPHONE NUMBER | E-MAIL ADDRESS | TELEPHONE NUMBER | E-MAIL ADDRESS |
|---|---|---|---|
| 516 FZ-1031 | | | |

| ADDRESS | CITY | STATE | ZIP | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|---|
| 98-35 So. Franklin Aves | Valy Str | Ny | 11580 | | | | |

| DESIGNATED BENEFICIARY | RELATIONSHIP |
|---|---|
| GINA A. ALMONA | $75 |

## ANNUITANT(S) if different from Owner

| LAST | FIRST | MIDDLE | | JT. ANNUITANT LAST | FIRST | MIDDLE | |
|---|---|---|---|---|---|---|---|
| | | | ☐ MALE ☐ FEMALE | | | | ☐ MALE ☐ FEMALE |

| SOCIAL SECURITY NUMBER | BIRTHDAY | SOCIAL SECURITY NUMBER | BIRTHDAY |
|---|---|---|---|
| | / / | | / / |

| ADDRESS | CITY | STATE | ZIP | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|---|

| ANNUITANT'S BENEFICIARY | RELATIONSHIP |
|---|---|

## YOUR ANNUITY

Single Premium $ 100,000     Initial Declared Effective Interest Rate Guarantee Period _____

In addition to the above Initial Declared Interest Rate, We will credit the following:

☒     1   % Premium Bonus Rate

OR   ☐          % Premium Bonus Rate and _____ % Lower Limit

Annuity Date _____

This Contract is applied for in connection with a:   ☒ Non-Qualified   ☐ IRA (Sec. 408)   ☐ Qualified
                                                      ☐ IRA Transfer   ☐ Other: _____

Remarks: _____

Does the Owner have any life insurance policies or annuity contracts now in force?   Yes ☐   No ☒

## SIGNATURES

THE UNDERSIGNED OWNER(S) UNDERSTAND that acceptance by the Company of this application results in the issuance of the Single Premium Deferred Contract referred to above. The Undersigned Owner(s) will be bound by the provisions and entitled to the benefits of the Contract. On behalf of the Undersigned Owner(s) and any person who may claim any interest resulting from the Undersigned Owner(s) enrollment under the Contract, the Undersigned Owner(s) represent that all statements set forth above are full, complete and true as written and correctly recorded to the best of the Undersigned Owner(s) knowledge.

Under penalties of perjury, the Undersigned Owner(s) certify (1) that the number shown on this form are the correct Social Security Numbers, and (2) that they are not subject to backup withholding, either because they have not been notified that they are subject to backup withholding as a result of a failure to report all interest or dividends, or the Internal Revenue Service has notified them that they are no longer subject to backup withholding. (The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.)

| SIGNED AT (CITY, STATE) | ON (DATE) |
|---|---|
| Rosedale   Ny | 8/16/01 |

| OWNER'S SIGNATURE | JT. OWNER'S SIGNATURE |
|---|---|

| ANNUITANT'S SIGNATURE | JT. ANNUITANT'S SIGNATURE |
|---|---|
| almona | |

## AGENT'S REPORT

To the best of your knowledge, is this insurance being purchased to replace or change any existing insurance or annuity?
☐ Yes  ☐ No   If yes, what insurance company and what is original cost basis? _____

| AGENT SIGNATURE | AGENT CODE |
|---|---|
| Ay Menal | |

| PRINTED NAME OF AGENT | PRINTED NAME OF AGENCY |
|---|---|
| Ay MENZIS | |

_Elizabeth M. Tuck_
Secretary

_G. W. Wynn_
President

24SPDA1100                                                      Order By, ANY 0104

**ORIGINAL / AIG      YELLOW / OWNER      PINK / AGENT      GOLD / PARTICIPATING GROUP**



**American International Life Assurance**
**Company of New York**
80 Pine Street
New York, New York 10005
A capital stock company

### DEFERRED ANNUITY DISCLOSURE STATEMENT

An annuity contract is a tax deferred, interest earning contract issued by a life insurance company and is designed to help enhance your financial security during your future retirement years. Under current tax laws, taxes are generally not due on your accrued interest until withdrawals are made from the annuity contract.

American International Life Assurance Company of New York ("AILife") is incorporated in New York and is licensed to engage in the business of insurance in your state. AILife and the annuity contracts it issues comply with applicable federal, state and local laws and regulations. AILife is required to make filings of financial statements with the insurance department to continue operating in your state. Annuities are not a deposit or other obligation of or guaranteed by the depository institution or its affiliate; are not insured by the Federal Deposit Insurance Corporation or any other agency of the United States, the depository institution, or its affiliate; and are subject to investment risks, including the possible loss of value.

The initial declared effective interest rate of **6.25** % will be applied to the sum of the single premium and the **5.0** % premium bonus for the **4** contract year(s). At the end of this period and any subsequent interest guarantee period, a new effective interest rate will be declared. There are no additional charges associated with this premium bonus, however this annuity may have a higher surrender charge and/or a longer surrender period than found in a non-bonus annuity which may be available to you.

Surrender charges may be imposed on withdrawals in excess of the free ten percent (10%) withdrawal allowed each contract year. Refer to your contract for these details. Taxes may be due on withdrawals and you should consult with your tax advisor before taking any action. A penalty tax may also apply to withdrawals made prior to age 59_.

By signing below, the undersigned Contract Owner acknowledges having read and understood all of the above items from AILife. The Contract Owner understands that he/she has ten (10) days from receipt of the contract to return it for any reason and receive a refund of premiums paid less any withdrawals and treat the annuity contract as if it had never been issued. AILife does not give legal or tax advice and suggests that the Contract Owner consult his/her own legal advisors. Please refer to Single Premium Annuity Contract Form No, 21SPDA1100 for complete details.

Signed this _16_ day of _Aug_ 20'01 , at _Rosedale NY_

_FRANK ALMONU_
Owner's Name (Please Print)

_Hy Smenjr_
Agent's Name (Please Print)

_Frank almora_
Owner's Signature

_Hy Snju_
Agent's Signature

**ORIGINAL / AIG       YELLOW / OWNER       PINK / AGENT       GOLD / PARTICIPATING GROUP**

25SPDA1100            Individual Single Premium Deferred Annuity          Order By:  ANY 0115

INSURANCE DEPARTMENT OF THE STATE OF NEW YORK

DEFINITION OF REPLACEMENT

IN ORDER TO DETERMINE WHETHER YOU ARE REPLACING OR OTHERWISE CHANGING THE STATUS OF EXISTING LIFE INSURANCE POLICIES OR ANNUITY CONTRACTS, AND IN ORDER TO RECEIVE THE VALUABLE INFORMATION NECESSARY TO MAKE A CAREFUL COMPARISON IF YOU ARE CONTEMPLATING REPLACEMENT, THE AGENT IS REQUIRED TO ASK YOU THE FOLLOWING QUESTIONS AND EXPLAIN ANY ITEMS THAT YOU DO NOT UNDERSTAND:

AS PART OF YOUR PURCHASE OF A NEW LIFE INSURANCE POLICY OR A NEW ANNUITY CONTRACT, HAS EXISTING COVERAGE BEEN, OR IS IT LIKELY TO BE:

(1) LAPSED, SURRENDERED, PARTIALLY SURRENDERED, FORFEITED, ASSIGNED TO THE INSURER REPLACING THE LIFE INSURANCE POLICY OR ANNUITY CONTRACT, OR OTHERWISE TERMINATED?                                                                                                                  YES _____ NO ___✓___

(2) CHANGED OR MODIFIED INTO PAID UP INSURANCE, CONTINUED AS EXTENDED TERM INSURANCE OR UNDER ANOTHER FORM OF NONFORFEITURE BENEFIT, OR OTHERWISE REDUCED IN VALUE BY THE USE OF NONFORFEITURE BENEFITS, DIVIDEND ACCUMULATIONS, DIVIDEND CASH VALUES OR OTHER CASH VALUES?                                                  YES _____ NO ___✓___

(3) CHANGED OR MODIFIED SO AS TO EFFECT A REDUCTION EITHER IN THE AMOUNT OF THE EXISTING LIFE INSURANCE OR ANNUITY BENEFIT OR IN THE PERIOD OF TIME THE EXISTING LIFE INSURANCE OR ANNUITY BENEFIT WILL CONTINUE IN FORCE?                          YES _____ NO ___✓___

(4) REISSUED WITH A REDUCTION IN AMOUNT SUCH THAT ANY CASH VALUES ARE RELEASED, INCLUDING ALL TRANSACTIONS WHEREIN AN AMOUNT OF DIVIDEND ACCUMULATIONS OR PAID-UP ADDITIONS IS TO BE RELEASED ON ONE OR MORE OF THE EXISTING POLICIES?                                              YES _____ NO ___✓___

(5) ASSIGNED AS COLLATERAL FOR A LOAN OR MADE SUBJECT TO BORROWING OR WITHDRAWAL OF ANY PORTION OF THE LOAN VALUE, INCLUDING ALL TRANSACTIONS WHEREIN ANY AMOUNT OF DIVIDEND ACCUMULATIONS OR PAID-UP ADDITIONS IS TO BE BORROWED OR WITHDRAWN ON ONE OR MORE EXISTING POLICIES?                              YES _____ NO ___✓___

(6) CONTINUED WITH A STOPPAGE OF PREMIUM PAYMENTS OR REDUCTION IN THE AMOUNT OF PREMIUM PAID?                                                              YES _____ NO ___✓___

IF YOU HAVE ANSWERED YES TO ANY OF THE ABOVE QUESTIONS, A REPLACEMENT AS DEFINED BY NEW YORK INSURANCE DEPARTMENT REGULATION NO.60 HAS OCCURRED OR IS LIKELY TO OCCUR AND YOUR AGENT IS REQUIRED TO PROVIDE YOU WITH A COMPLETED DISCLOSURE STATEMENT AND THE IMPORTANT NOTICE REGARDING REPLACEMENT OR CHANGE OF LIFE INSURANCE POLICIES OR ANNUITY CONTRACTS.

DATE: __8/16/01__                    SIGNATURE OF APPLICANT: _B. Frank Almeira_

DATE: _____                    SIGNATURE OF APPLICANT: _____

TO THE BEST OF MY KNOWLEDGE, A REPLACEMENT IS INVOLVED IN THIS TRANSACTION: YES | _NO_

DATE: __8/16/01__                    SIGNATURE OF AGENT: _____

APO-3381-B   (10/1998)

 **Annuity New Business System**
**Application Details**

*MMARTIN*                    **AILIFE**    REDACTED                    08/23/2001   12:27:51 PM

**CWA:** 100,000.00                          **Suspense:** $$107D1232
**Policy Date:** 08/17/2001                  **Application Date:** 08/17/2001
**Form Number:** ANY0104                     **Short Name:** SPDAILNB
**Level 1 Agent:** a200339[]                 **General Agent:** BKMK

**Annuitant**                                **Joint Spouse**
ALMONA, FRANK .                              <No Joint Spouse>

Birth Date:    REDACTED

**Annuitant Address**
98-35 S FRANKLIN AVE

VALLEY STREAM, NY 11580

**Beneficiaries**
ALMONA                          , GINA      ,
,                                            ,
,                                            ,
,                                            ,
,                                            ,
,                                            ,
,                                            ,
,                                            ,
,                                            ,
,                                            ,

**Owner Other Than Annuitant**              **Joint Owner**
ALMONA, FRANK .                             <No Joint Owner>

Birth Date:    REDACTED

**Owner Address**
98-35 S FRANKLIN AVE

VALLEY STREAM, NY 11580

**Owner Beneficiary:** ALMONA                    , GINA

**Initial Premium:** 100,000.00             **Market Code:** [6] Non-Qualified
1035 Exchange: <None>                       **Maturity Information:** C, 75
Tax Information: <None>
Systematic Withdrawal: <None>
Split Agent: <None>
Structured Settlement: <None>



 **American International Life Assurance
Company of New York**
Annuity Administration
P.O. Box 667
Wilmington, DE 19899-0667

## PENDING POLICY / CERTIFICATE TRANSMITTAL

### Aug 23, 2001

**RETURN THIS TRANSMITTAL WITH ALL OUTSTANDING REQUIREMENTS**

*To:*     BKMK

*From:*   MADELIN MARTINEZ / Policy issue

*Re:*     Policy/Certificate #:   REDACTED
          Annuitant:      FRANK        ALMONA

The above case is pending for the following reasons:

(A-03 ) Agent has wrong contract.

*Agent Name:* HYMAN MENZIE
*Agent Code:* A200339
*State:*     NEW YORK

CC:



**AIG Life Companies (U.S.)**

A Member of American International Group, Inc.

AIG LIFE INSURANCE COMPANY

AMERICAN INTERNATIONAL LIFE
ASSURANCE COMPANY OF NEW YORK

```
FRANK ALMONA
98 S FRANKLIN AVE APT 35
VALLEY STREAM, NY  11580-6120                Policy No. REDACTED
                                             Issue Date: 08/17/2001
```

Annuitant: FRANK ALMONA

**Report of your Annuity for the Contract Year Ending**     08/17/2011

| 08/17/2010 Accumulated Value | Deposit(s) | Withdrawal(s) | Interest | 08/17/2011 Accumulated Value |
|---|---|---|---|---|
| 152,241.63 | .00 | .00 | 4,567.25 | 156,808.88 |

Your cash surrender value for 08/17/2011 is $156,808.88.

From 08/17/2011 through 08/16/2012 the interest rate on your contract is 3.00%.

This is your annual report and is provided for your information.  NO ACTION
IS REQUIRED ON YOUR PART.

Thank you for your continued confidence in American International Life
Assurance Company of New York (AILife).  We realize that your AILife contract
is an important part of your financial plan.  We are dedicated to providing
you with safety, liquidity, and a competitive return on your annuity.

If we can be of service, or should you have any questions, please do not
hesitate to call our service center that is located in Amarillo, Texas.
Our toll free number is 1-800-233-2947.

# US Life

The United States Life Insurance Company in The City of New York (US Life)
PO Box 15403
Amarillo, TX 79105-5403

## ANNUAL ANNIVERSARY STATEMENT

FRANK ALMONA
98 S FRANKLIN AVE APT 35
VALLEY STREAM NY 11580-6120

Policy Number:  REDACTED                                    Annuitant: FRANK ALMONA
Policy Date:    08/17/2001

### Important Messages

We are going green! Go on-line today at www.aannuityaccess.com to find out how to sign up for electronic delivery of your annual statement.

#### Report of your Annuity for the Contract Year ending 08/17/2012

| 08/17/2011 | | | | 08/17/2012 |
| Accumulated Value | Deposit(s) | Withdrawal(s) | Interest | Accumulated Value |
| --- | --- | --- | --- | --- |
| $156,808.88 | $0.00 | $0.00 | $4,704.27 | $161,513.15 |

Your cash surrender value for 08/17/2012 is $161,513.15.

Beginning 08/17/2012 the effective annual interest rate will be 3.00%.

This is your annual report and is provided for your information.  NO ACTION IS REQUIRED ON YOUR PART.

Thank you for your continued confidence in US LIFE INS CO NY.  We know that your US LIFE INS CO NY contract is an important part of your financial plan.  We are dedicated to providing you with safety, liquidity, and a competitive return on your annuity.

If we can be of service regarding any of your current US LIFE INS CO NY contracts, please contact our customer service center at 1-800-901-7270.

# US Life

## ANNUAL ANNIVERSARY STATEMENT

FRANK ALMONA
98 S FRANKLIN AVE APT 35
VALLEY STREAM NY 11580-6120

Policy Number: REDACTED                                    Annuitant: FRANK ALMONA
Policy Date:    08/17/2001

**Important Messages**

We are going green! Go on-line today at www.aannuityaccess.com to find out how to sign up for electronic delivery of your annual statement.

### Report of your Annuity for the Contract Year ending 08/17/2013

| 08/17/2012 Accumulated Value | Deposit(s) | Withdrawal(s) | Interest | 08/17/2013 Accumulated Value |
|---|---|---|---|---|
| $161,513.15 | $0.00 | $0.00 | $4,845.39 | $166,358.54 |

Your cash surrender value for 08/17/2012 was $161,513.15.

Your cash surrender value for 08/17/2013 is $166,358.54.

Beginning 08/17/2013 the effective annual interest rate will be 3.00%.

This is your annual report and is provided for your information.  NO ACTION IS REQUIRED ON YOUR PART.

Thank you for your continued confidence in US Life Ins Co NY.  We know that your US Life Ins Co NY contract is an important part of your financial plan. We are dedicated to providing you with safety, liquidity, and a competitive return on your annuity.

If we can be of service regarding any of your current US Life Ins Co NY contracts, please contact our customer service center at 1-800-901-7270.

American General Life Insurance Company
The United States Life Insurance Company in the City of New York

# ANNUAL ANNIVERSARY STATEMENT

FRANK ALMONA
98 S FRANKLIN AVE APT 35
VALLEY STREAM NY 11580-6120

Policy Number: REDACTED                                    Annuitant: FRANK ALMONA
Policy Date:    08/17/2001

## Important Messages

We are going green! Go on-line today at www.aig.com/annuities to find out how to sign up for electronic delivery of your annual statement.

### Report of your Annuity for the Contract Year ending 08/17/2014

| 08/17/2013 | | | | 08/17/2014 |
| Accumulated Value | Deposit(s) | Withdrawal(s) | Interest | Accumulated Value |
| --- | --- | --- | --- | --- |
| $166,358.54 | $0.00 | $0.00 | $4,990.76 | $171,349.30 |

Your cash surrender value for 08/17/2013 was $166,358.54.

Your cash surrender value for 08/17/2014 is $171,349.30.

Beginning 08/17/2014 the effective annual interest rate will be 3.00%.

This is your annual report and is provided for your information.  NO ACTION IS REQUIRED ON YOUR PART.

Thank you for your continued confidence in US Life Ins Co NY.  We know that your US Life Ins Co NY contract is an important part of your financial plan. We are dedicated to providing you with safety, liquidity, and a competitive return on your annuity.

If we can be of service regarding any of your current US Life Ins Co NY contracts, please contact our customer service center at 1-800-901-7270.

Annuity Service Center • P.O. Box 871 • Amarillo, TX 79105-0871

Administrator for Renaissance Life & Health Insurance Company of America • Administrator for John Alden Life Insurance Company

American General Life Insurance Company
The United States Life Insurance Company in the City of New York

## ANNUAL ANNIVERSARY STATEMENT

FRANK ALMONA
98 S FRANKLIN AVE APT 35
VALLEY STREAM NY 11580-6120

Policy Number:    REDACTED                         Annuitant: FRANK ALMONA
Policy Date:    08/17/2001

### Important Messages

We are going green! Go on-line today at www.aig.com/annuities to find out how to sign up for electronic delivery of your annual statement.

#### Report of your Annuity for the Contract Year ending 08/17/2015

| 08/17/2014 | | | | 08/17/2015 |
| Accumulated Value | Deposit(s) | Withdrawal(s) | Interest | Accumulated Value |
|---|---|---|---|---|
| $171,349.30 | $0.00 | $0.00 | $5,140.48 | $176,489.78 |

Your cash surrender value for 08/17/2014 was $171,349.30.

Your cash surrender value for 08/17/2015 is $176,489.78.

Beginning 08/17/2015 the effective annual interest rate will be 3.00%.

This is your annual report and is provided for your information.  NO ACTION IS REQUIRED ON YOUR PART.

Thank you for your continued confidence in US Life Ins Co NY.  We know that your US Life Ins Co NY contract is an important part of your financial plan. We are dedicated to providing you with safety, liquidity, and a competitive return on your annuity.

If we can be of service regarding any of your current US Life Ins Co NY contracts, please contact our customer service center at 1-800-901-7270.

Annuity Service Center • P.O. Box 871 • Amarillo, TX 79105-0871

Administrator for Renaissance Life & Health Insurance Company of America • Administrator for John Alden Life Insurance Company

American General Life Insurance Company
The United States Life Insurance Company in the City of New York

## ANNUAL ANNIVERSARY STATEMENT

FRANK ALMONA
98 S FRANKLIN AVE APT 35
VALLEY STREAM NY 11580-6120

Policy Number: REDACTED                              Annuitant: FRANK ALMONA
Policy Date:    08/17/2001

### Important Messages

We are going green! Go on-line today at www.aig.com/annuities to find out how to sign up for electronic delivery of your annual statement.

#### Report of your Annuity for the Contract Year ending 08/17/2016

| 08/17/2015 | | | | 08/17/2016 |
| --- | --- | --- | --- | --- |
| Accumulated Value | Deposit(s) | Withdrawal(s) | Interest | Accumulated Value |
| $176,489.78 | $0.00 | $0.00 | $5,294.69 | $181,784.47 |

Your cash surrender value for 08/17/2015 was $176,489.78.

Your cash surrender value for 08/17/2016 is $181,784.47.

Beginning 08/17/2016 the effective annual interest rate will be 3.00%.

This is your annual report and is provided for your information.  NO ACTION IS REQUIRED ON YOUR PART.

Thank you for your continued confidence in US Life Ins Co NY.  We know that your US Life Ins Co NY contract is an important part of your financial plan. We are dedicated to providing you with safety, liquidity, and a competitive return on your annuity.

If we can be of service regarding any of your current US Life Ins Co NY contracts, please contact our customer service center at 1-800-901-7270.

Annuity Service Center • P.O. Box 871 • Amarillo, TX 79105-0871

Administrator for Renaissance Life & Health Insurance Company of America • Administrator for John Alden Life Insurance Company

Rev. 1/2016

| | |
|---|---|
| **FACTS** | **WHAT DO AMERICAN GENERAL LIFE COMPANY (AGL) AND THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK (US LIFE) DO WITH YOUR PERSONAL INFORMATION?** |
| **Why?** | Financial companies choose how they share your personal information. Federal law gives consumers the right to limit some but not all sharing. Federal law also requires us to tell you how we collect, share, and protect your personal information. Please read this notice carefully to understand what we do. |
| **What?** | The types of personal information we collect and share depend on the product or service you have with us. This information can include:<br>• Social Security number and Medical Information<br>• Income and Credit History<br>• Payment History and Employment Information<br>When you are *no longer* our customer, we continue to share your information as described in this notice. |
| **How?** | All financial companies need to share customers' personal information to run their everyday business. In the section below, we list the reasons financial companies can share their customers' personal information; the reasons AGL & US Life choose to share; and whether you can limit this sharing. |

| Reasons we can share your personal information | Do AGL & US Life share? | Can you limit this sharing? |
|---|---|---|
| **For our everyday business purposes —** such as to process your transactions, maintain your account(s), respond to court orders and legal investigations, or report to credit bureaus | Yes | No |
| **For our marketing purposes –** to offer our products and services to you | Yes | No |
| **For joint marketing with other financial companies** | Yes | No |
| **For our affiliates' everyday business purposes -** information about your transactions and experiences | Yes | No |
| **For our affiliates' everyday business purposes -** information about your creditworthiness | No | We don't share |
| **For nonaffiliates to market to you** | No | We don't share |

| | |
|---|---|
| **Questions?** | Call 1-800-424-4990 for AGL and AGL as administrator for John Alden Life Insurance Company or Renaissance Life and Health Insurance Company of America<br>Call 1-877-289-0256 for US Life |

la 1093237
VL 14939-AGL VER 1/2016

Rev. 1/2016
Page 2

## Who we are

| | |
|---|---|
| **Who is providing this notice?** | American General Life Insurance Company and The United States Life Insurance Company in the City of New York (please see complete list below) |

## What we do

| | |
|---|---|
| **How do AGL & US Life protect my personal information?** | To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings. We restrict access to employees, representatives, agents, or selected third parties who have been trained to handle nonpublic personal information. |
| **How do AGL & US Life collect my personal information?** | We collect your personal information, for example, when you<br>• open an account or provide account information<br>• seek advice about your investments or tell us about your investment or retirement portfolio<br>• tell us about your investment or retirement earnings<br>We also collect your personal information from others, such as credit bureaus, affiliates, or other companies. |
| **Why can't I limit all sharing?** | Federal law gives you the right to limit only<br>• sharing for affiliates everyday business purposes - information about your creditworthiness<br>• affiliates from using your information to market to you<br>• sharing for nonaffiliates to market to you<br>State laws and individual companies may give you additional rights to limit sharing.<br>See below for more on your rights under state law. |

## Definitions

| | |
|---|---|
| **Affiliates** | Companies related by common ownership or control. They can be financial and nonfinancial companies.<br>• *Our affiliates include the member companies of American International Group, Inc.* |
| **Nonaffiliates** | Companies not related by common ownership or control. They can be financial and nonfinancial companies.<br>• *AGL and US Life do not share with nonaffiliates so they can market to you.* |
| **Joint marketing** | A formal agreement between nonaffiliated financial companies that together market financial products or services to you.<br>• *Our joint marketing partners include companies with which we jointly offer insurance products, such as a bank.* |

## Other important information

This notice is provided by American General Life Insurance Company, The United States Life Insurance Company in the City of New York and American General Life Insurance Company as Administrator for John Alden Life Insurance Company and Renaissance Life and Health Insurance Company of America.

**For Vermont Residents only.** We will not share information we collect about you with nonaffiliated third parties, except as permitted by Vermont law, such as to process your transactions or to maintain your account. In addition, we will not share information about your creditworthiness with our affiliates except with your authorization.

**For California Residents only.** We will not share information we collect about you with nonaffiliated third parties, except as permitted by California law, such as to process your transactions or to maintain your account.

**For Nevada Residents only.** We are providing this notice pursuant to state law. You may be placed on our internal Do Not Call List by calling 800-424-4990. Nevada law requires that we also provide you with the following contact information: Bureau of Consumer Protection, Office of the Nevada Attorney General, 555 E. Washington St., Suite 3900, Las Vegas, NV 89101; Phone number: 702-486-3132; email: aginfo@ag.nv.gov

You have the right to see and, if necessary, correct personal data. This requires a written request, both to see your personal data and to request corrections. We do not have to change our records if we do not agree with your correction, but we will place your statement in our file. If you would like a more detailed description of our information practices and your rights, please write to us at: P.O. Box 871 Amarillo, TX 79105.

la 1093237

VL 14939-AGL VER 1/2016

STATE OF TEXAS

COUNT OF POTTER

In the matter of:     Frank Almona

## AFFIDAVIT

Before me, the undersigned authority, personally appeared Nancy Keel, who, being by me duly sworn, and personally acquainted with the facts herein stated:

I am employed by American General Life Insurance Company in the Specialty Annuity Services Department. My role in the Specialty annuity Services Department includes gathering records in response to subpoenas. I am a custodian of the records for American General Life Insurance Company. Attached hereto are records that are kept in the ordinary course of business at American General Life. It is in the ordinary course of business at American General Life for an employee or representative with personal knowledge of the act or event recorded to make the memorandum or record, or to transmit information to be included in these records; that the records are made at or near the time or reasonably soon after the act or event recorded.

I have examined the records attached hereto and they are true and accurate copies of the originals. It is the policy of American General Life not to permit the originals to leave American General Life.

_____
Affiant

SWORN TO AND SUBSCRIBED before me on the 7th day of October , 20 16 .

_____
Notary Public

CHRISTOPHER DALE JANSSEN
Notary Public, State of Texas
My Commission Expires
February 26, 2019