HEARING DATE: January 24, 2017 at 11:45 a.m.
OBJECTION DATE: January 17, 2017 at 5:00 p.m.

ARTHUR G. TRAKAS
Attorney for Frank Almona
(defendant in adversary proceeding)
31-19 Newtown Avenue #500
Astoria, NY 11102
718-721-7171
(of counsel: Andrew B. Schultz)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

ADVANCED FLEET MAINTENANCE, INC.,

                    Debtor
-------------------------------------------------------X
ROBERT L. GELTZER, as Chapter 7 Trustee of
ADVANCED FLEET MAINTENANCE, INC.,

                    Plaintiff

     v.

ADVANCE FLEET MAINTENANCE LLC,
AFM MAINTENANCE LTD. and FRANK ALMONA,

                  Defendants
-------------------------------------------------------X

**Chapter 7**

**Case No. 13-44173 (CEC)**

**Adv. Pro. No. 15-01083 (CEC)**

**OBJECTION OF FRANK ALMONA TO TRUSTEE'S MOTION REQUESTING "WRIT OF EXECUTION AND TURNOVER ORDER" AS TO "SINGLE PREMIUM DEFERRED ANNUITY" PURCHASED BY ALMONA IN 2001**

Frank Almona respectfully submits the following sworn objection to the trustee's application to this Court seeking a "writ of execution and turnover order" as to the annuity originally purchased by Almona in the year 2001--<u>12 years</u> prior to the commencement of the present bankruptcy proceeding:

    1. At no time have I personally filed any bankruptcy petition, but on or about December 9, 2015, the trustee was granted entry of a default judgment against me personally, relating to my prior business affiliation with the judgment debtor and related defendants.

    2. I am 70 years of age and am retired from any employment. I suffer from diabetes, hypertension and my left knee is "wired" after a prior operation. My only present and continuing source of living expenses are my Social Security and VA payments of approximately $1691 per month.

    3. As discussed below, I respectfully ask the Court to deny the trustee's application, since I need funds from my annuity in order to pay basic and modest monthly living expenses going forward.

    4. I am advised by counsel that CPLR 3212(d)(2) provides as follows:

```
"...the court may order
the annuitant to pay to a judgment creditor or apply on the judgment  in
installments, a portion of such benefits that appears just and proper to
the  court, with  due  regard  for  the  reasonable requirements of the
judgment debtor and his family, if dependent upon him, as  well  as  any
payments  required  to be made by the annuitant to other creditors under
prior court orders."
```

    5. The trustee's application makes passing reference to this statute, but does not in

any way consider or address my "reasonable requirements" for living expenses as a retired individual.

6. I am also advised by counsel of the citation to the case of <u>In Re Lynch</u>, 321 BR 114 (US Bankruptcy Court, SDNY 2005), substantially similar to the present matter, in which the bankruptcy court applied CPLR 3212(d)(2) to deny an application to take annuity funds needed to pay "necessary living expenses":

> "...the Trustee...of the chapter 7 estate of John J. Lynch ("Debtor"), objects to the exemption asserted by the Debtor in Schedule "C" to his Schedules and Statements of Affairs with respect to a certain annuity (the "Annuity") in the amount of One Hundred Seventeen Thousand Five Hundred Seventy One ($117,571.00) Dollars."
> 
> \*\*\*
> 
> "The Debtor argues that his monthly income, including the Annuity and social security payments, amounts to $3516.15 and his monthly expenditures amount to $3365.43. If the Annuity was invaded to pay creditors, it would create a hardship as he would not have enough income to pay necessary living expenses."
> 
> \*\*\*
> 
> "As Congress has said: The historical purpose of these exemption laws has been to protect a debtor from his creditors, to provide him with the basic necessities of life so that even if his creditors levy on all of his nonexempt property, the debtor will not be left destitute and a public charge."
> 
> \*\*\*
> 
> "...Trustee's counsel conceded that he had no grounds to challenge the Debtor's claim that the Annuity is required for necessary living expenses."

7. Set forth below is a schedule of what I again respectfully maintain are my minimum basic monthly living expenses, aggregating $4190.

- Utilities
  electricity, heat, natural gas           $223.79
  (see annexed current bills)
  telephone, cell phone, Internet, and cable   $145.79

- Food and housekeeping supplies          $2070
  (see annexed government schedule of per diem rates)

- Insurance
  - health insurance          $349
  - (includes Medicare supplement and drug premium)
  - vehicle insurance         $344.64

- Monthly car payments                    $1057.64

                                          **$4190.86**

\*                    \*                    \*

- MONTHLY INCOME, from Social Security and Veteran benefits $1427 from SS, $264.02 from VA

                                          **$1691.02**

- MONTHLY SHORTFALL, based on expense schedule summarized above ($4190.86 less $1691.02)

                                          **$ 2499.84**

8. As noted, the estimated monthly shortfall is approximately $2500.

9. I purchased the "single premium deferred annuity" from American International group in September 2001, and information relating to that annuity was annexed by the trustee to his moving papers.

10. I purchased this annuity in 2001, with the express intent of saving the funds for my retirement, and as noted, I purchased the annuity when I was 55 years of age. The

Court will note I have not attempted to touch the annuity in any way since 2001, and in addition to the original premium of $100,000, it has continued to accrue dividends and interest on a yearly basis, so that the current value of the annuity is approximately $180,000.

11. My plan was and is to withdraw approximately $2500 per month for my necessary living expenses. This would mean that the annuity would be "used up" in about 6 years, at which time I would hope to be about 77 years old.

12. Plainly, when I purchased this annuity in 2001 with personal funds from a prior unrelated business venture, I had no possible idea of any bankruptcy to be filed 12 years later.

13. It is difficult for me to comprehend that the trustee apparently seeks to ignore and disregard the entire concept of this annuity being used for my necessary retirement expenses. All I ask is that the Court deny the trustee's present application in full, so I can then be authorized to make monthly withdrawals for my retirement expenses.

_Frank Almona_
FRANK ALMONA

Sworn to before me
January _16_, 2017

_____
Notary Public

_Arthur G. Trakas_
ARTHUR G. TRAKAS
Attorney for Frank Almona
(of counsel: Andrew B. Schultz)

ARTHUR G. TRAKAS
Notary Public - State of New York
No. 02TR6141899
Qualified in Nassau County
My Comm. Expires Feb. 27, 2010